UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL |
| VERSUS | |
| | NO. 15-32-JWD-EWD |
| OSCAR ARTURO MACHADO-GALEANA | |

**RULING AND ORDER**

This matter comes before the Court on the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (Doc. 835), and the corresponding *Memorandum in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence of a Person in Federal Custody*, (Doc. 835-1), (collectively, *§ 2255 Motion*) filed by Petitioner Oscar Arturo Machado-Galeana.[1]

Petitioner seeks to vacate his conviction for conspiracy to distribute and possess methamphetamine, heroin, and marijuana; conspiracy to launder monetary instruments; four counts of distribution of methamphetamine; possession with intent to distribute methamphetamine and marijuana; and possession of firearms in furtherance of a drug trafficking crime. (Docs. 835, 835-1; *see* Doc. 735 at 1.) Petitioner argues that he received ineffective assistance of counsel prior to trial, during his trial, and at his sentencing. (Doc 835-1 at 4–5, 7–8, 15, 16.)

The Government disputes Petitioner's claims, arguing that Petitioner is simply reiterating claims made by his counsel on appeal to the Fifth Circuit—and which the Fifth Circuit rejected. (Doc. 837 at 1.) As a result, the Government argues that Petitioner's *§ 2255 Motion* should be denied both under the law-of-the-case doctrine and on the merits. (*Id.* at 1, 3.) For the reasons stated below, Petitioner's *§ 2255 Motion* is denied.

---

[1] To facilitate administrative and filing ease, Petitioner Oscar Arturo Machado-Galeana's Reg. No. is #07330-095.

1

O. Machado-Galeana  by regular and by certified mail return receipt requested no. 9589 0710 5270 1607 9428 13

I.  **BACKGROUND**

Petitioner was originally indicted on March 11, 2015, then arrested on March 18, 2015. (Docs. 1, 3.) He was charged with a number of counts related to drug distribution, money laundering, and possession of a firearm in furtherance of drug trafficking. (Doc. 1.) Multiple superseding indictments and amendments to the indictment were filed. (Docs. 92, 128, 471, 516, 543.) However, the charges against Petitioner remained substantively the same.

Following a jury trial ending on October 12, 2018, Petitioner was convicted on eight counts: one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, less than 100 grams of heroin, and marijuana, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 2; four counts of distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; one count of possession with the intent to distribute 50 grams or more of methamphetamine and marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. (Doc. 735 at 1.)

On April 16, 2019, Petitioner was sentenced to 300 months imprisonment, 240 months on counts 1, 2, 4, 5, 6, 7, and 16, all to run concurrently, and 60 months on Count 17, to run consecutively. (*Id.* at 2.) At the sentencing hearing, Petitioner notified the Court of his intent to appeal the sentence. (Doc. 734.) Petitioner also appealed his conviction. (Doc. 741.) The Fifth Circuit affirmed the judgment of this Court, finding that "[t]he district court did not clearly err" with respect to the sentence, and that the Court was correct in denying Petitioner's motion to suppress. (Doc. 830 at 15.)

## II.    PARTIES' ARGUMENTS

Petitioner argues that he was denied the right to effective assistance of counsel guaranteed by the Sixth Amendment and outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 835-1 at 4.) Petitioner claims that despite receiving a below-guidelines sentence, his sentence of 300 months was "substantively unreasonable" because, he claims, it did not account for his lack of criminal history, the fact that he will be deported after his sentence, and the fact that he has children in the United States. (*Id.* at 6–7.)

Petitioner also argues that the government used wiretaps that he claims were unnecessary and should not have been admitted into evidence; he makes extensive legal arguments as to the admissibility of the evidence obtained via the wiretaps, none of which are relevant to Petitioner's arguments as to his effectiveness of counsel. (*Id.* at 7–15.) Petitioner argues that his trial counsel was ineffective because "the trial court erred when it denied the defendant's request to suppress the evidence from the wiretaps in this matter and his attorney did not do anything about it[,]" which Petitioner argues "show[s] that his attorney was ineffective." (*Id.* at 15.)

Finally, Petitioner argues that after he testified at trial, "[t]he trial court determined that [he] was less than truthful in his testimony" and applied a two level increase at sentencing. (*Id.*). Petitioner argues that he "received a two level increase to his offense level for obstruction of justice[]" as a result of "exercising his constitutional right to testify on his own behalf," (*id.* at 8), and that his "trial counsel failed to argue and challenge the two-level enhancement[,]" (*id.* at 15).

The Government, on the other hand, argues that Petitioner has merely "copied and reorganized his appellate brief nearly word-for-word" in his *§ 2255 Motion*. (Doc. 837 at 1 (comparing Doc. 835 with Doc. 837-1).) Government asserts that these appellate arguments were all rejected by the Fifth Circuit and should therefore "be denied under the law-of-the-case

3

doctrine." (*Id.* (citing *United States v. Herrera Romero*, 832 F. App'x 868 (5th Cir. 2020)).) According to the Government, all of the arguments Petitioner alleges his attorneys were ineffective for not making were in fact made and "have all been denied on the merits by the Fifth Circuit." (*Id.* at 2 (citing *Herrera Romero*, 832 F. App'x at 869–76).) Furthermore, "defense counsel cannot be deemed to have provided ineffective assistance for failing to raise a meritless claim." (*Id.* (citing *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995)).) The Government additionally argues that the Court should deny Petitioner's *§ 2255 Motion* on the merits, stating that Petitioner is "arguing that his lawyers were ineffective because they were unsuccessful[.]" (*Id.* at 2–3.)

### III.    LEGAL STANDARDS

#### A.    *Pro Se* Litigants

Courts construe *pro se* litigants' pleadings liberally, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Accord Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). *Pro se* litigants, however, "must still brief the issues and reasonably comply" with the relevant rules of civil procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)); see *Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 n.10 (5th Cir. 2017) (citing *United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986)). Likewise, "even for *pro se* plaintiffs, . . . 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice' to state a claim for relief." *Coleman*, 858 F.3d at 309 (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

#### B.    Title 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 permits a federal prisoner to file a motion to vacate, set aside, or correct a sentence on the grounds that (1) "the sentence was imposed in violation of the

4

Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." § 2255(a). That said, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Instead, "Section 2255 provides recourse only 'for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (quoting *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992)).

A petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S.152, 168 (1982). Except in "'extraordinary' cases involving 'manifest miscarriages of justice,'" *Shaid*, 937 F.2d at 232 (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), a collateral attack requires showing both "cause and actual prejudice [] even when [] alleg[ing] a fundamental constitutional error," *id.* (citing *Hill v. United States*, 368 U.S. 424, 428 (1962); *Murray*, 477 U.S. at 493).

Absent special circumstances, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1).

**C.     Ineffective Assistance of Counsel**

Under *Strickland v. Washington*, an ineffective assistance of counsel claim requires showing (1) that "counsel's performance was deficient because it fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *United States v. Lincks*, 82 F.4th 325, 330 (5th Cir. 2023) (citing *Strickland*, 466 U.S. at 689–94).

5

**IV.    ANALYSIS**

    **A.    Petitioner's *§ 2255 Motion* is Timely**

Petitioner was required to file this *§ 2255 Motion* within a year of the date on which the judgment of conviction became final. Petitioner appealed his judgment to the Fifth Circuit, which affirmed the judgment of this Court on October 26, 2020. Petitioner did not petition for a writ of certiorari, so judgment became "final when the time expire[d] for filing a petition for certiorari contesting the appellate court's affirmation of the conviction," or "90 days after entry of the Court of Appeals' judgment." *Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner filed this *§ 2255 Motion* well within a year of his judgment of conviction becoming final, and his motion is therefore timely. (Doc. 835.)

    **B.    Petitioner's Ineffective Assistance of Counsel Claims Fail**

To claim ineffective assistance of counsel, Plaintiff must allege both deficiency and prejudice. *United States v. Lincks*, 82 F.4th 325, 330 (5th Cir. 2023) (citing *Strickland*, 466 U.S. at 689–94). "A failure to establish either prong defeats the claim." *Id.* (citing *Strickland*, 466 U.S. at 697). A claim of deficiency requires an allegation that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" *id.* at 330–31 (quoting *Strickland*, 466 U.S. at 687), which "entitles a criminal defendant to *reasonable*, but not *perfect*, representation of counsel," *United States v. Valdez*, 973 F.3d 396, 404 (5th Cir. 2020). This representation, under *Strickland*, requires merely "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688.

In addition to deficiency, a showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

6

 1. **Suppression**

Petitioner's first argument with respect to ineffective assistance of counsel is that his trial counsel failed to suppress the wiretaps used to convict him, which he claims did not meet the necessity requirement. (Doc. 835 at 4–5.) Petitioner asserts that his trial counsel did not adequately argue that the wiretaps used to convict him were unnecessary in his case. (*Id*.) Petitioner must establish both deficiency and prejudice in order to succeed on this claim; here, he shows neither. Trial counsel did file a motion to suppress the evidence seized through the wiretaps, (Docs. 416, 419); the Court held a hearing on the motion to suppress on April 11, 2017, (Doc. 450). The Court denied the motion to suppress, (Doc. 469), and the Fifth Circuit affirmed the Court's decision after Petitioner raised it on appeal, (Doc. 830). *See Herrera Romero*, 832 F. App'x 868 at 873–74, 876.

First, Petitioner has failed to state a claim for ineffective assistance of counsel under the *Strickland* test. Petitioner has failed to show either deficiency or prejudice with respect to his counsel's arguments to suppress the wiretaps. Not one but two attorneys for Petitioner filed motions to suppress the evidence seized through the wiretaps. (Docs. 416, 419.) The Court considered both motions, noting that the arguments were "identical in all relevant respects[.]" (Doc. 469 at 1 n.1.) Petitioner's counsel made extensive arguments as to the necessity of the wiretaps. (Doc. 469 at 14–15; Doc. 419-1 at 3–19.) The Court considered Petitioner's argument but found that the wiretaps met the necessity requirement. (*Id.* at 22–24.) The Court's decision to deny the motion to suppress was in no way a reflection on the adequacy of Petitioner's counsel; there is no indication that Petitioner's counsel fell in any way short of the reasonable professional norms required by *Strickland*. (Doc. 469 at 23–24); *see* 466 U.S. at 688. There is no evidence that had Petitioner's counsel done anything differently, the motion to suppress might have been granted. Instead, the Court found that the law enforcement affidavits were sufficient to show that the

wiretaps met the necessity standard. (Doc. 469 at 24.) Petitioner has therefore failed to show either deficiency or prejudice.

Furthermore, "[o]nce a claim is raised and adjudicated on direct appeal," a petitioner "cannot re-raise the claim under § 2255 absent a change in law." *United States v. Davis*, 971 F.3d 524, 531 (5th Cir. 2020) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)). As the Fifth Circuit has noted, an issue decided "'on direct appeal when [a] conviction was affirmed . . . . may not be resurrected and urged anew[]'" in a § 2255 motion. *United States v. Rodriguez*, 821 F.3d 632, 634 (5th Cir. 2016) (quoting *United States v. McCollum*, 664 F.2d 56, 59 (1981); citing *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) (stating that the law-of-the-case doctrine "applies to issues decided by necessary implication" as well as those explicitly decided)). Petitioner raised the denial of his motion to suppress in his appeal before the Fifth Circuit, which affirmed this Court's decision that the wiretap met the necessity requirement. *Herrera Romero*, 832 F. App'x at 873.

The appellate court noted that Petitioner, unlike his co-defendant, raised the Government's failure to minimize as a reason to suppress the wiretaps for the first time on appeal. *Id.* Despite this waiver, the Fifth Circuit addressed Petitioner's arguments alongside those of his co-defendant, finding them both "unavailing because neither identifies specific conversations that should have been suppressed, and because the Government's minimization efforts, while perhaps lax, were not wholly unreasonable." *Id.* As the Government concedes, had Petitioner's co-defendant's "argument succeeded at the Fifth Circuit, but not [Petitioner's] (because of the different standards of review), then [Petitioner] would have a decent argument that his trial attorney performed deficiently by failing to preserve the minimization claim on appeal." (Doc. 837 at 15.) However, the Fifth Circuit stated that "even if" both Petitioner and his co-defendant "had identified specific

8

communications to be suppressed, the district court did not clearly err." *Herrera Romero*, 832 F. App'x at 874. Instead, "[t]he intercepted calls in this case [] generally were not readily minimizable, and so the district court did not clearly err in concluding that the Government's minimization efforts were reasonable." *Id.* at 875. As such, the issue of minimization was adjudicated on direct appeal and Petitioner may not raise it under § 2255. To the extent that Petitioner asserts that his attorney's failure to raise minimization was ineffective assistance of counsel, the Fifth Circuit's holding as to his co-defendant, whose attorney did raise minimization, clearly shows that there is no prejudice under *Strickland*.

    **2.    Sentencing**

Petitioner received a below-guideline sentence of 300 months. Despite this, he argues that his counsel was ineffective because he did not challenge a two-level enhancement Petitioner received. (Doc. 835 at 7.) Petitioner argues that his counsel failed to object to this enhancement, which he claims that he received this enhancement as a result of testifying on his own behalf. (Doc. 835-1 at 15.) Petitioner further claims that his eventual deportation and separation from his children subsequent to his incarceration is an additional punishment. (*Id.* at 17.)

The Government notes that the Fifth Circuit rejected these arguments on appeal, stating that "this Court 'concluded by a preponderance of the evidence that [Petitioner] sent [Alexander Pined Nava's] family threatening messages and had asked other inmates to kill Nava to prevent Nava from testifying.'" (Doc. 837 at 17 (quoting *Herrera Romero*, 832 F. App'x at 871) (first alteration made by this Court, second alteration made by the Government).) Further, the Government points out that the Fifth Circuit noted this Court's finding that Petitioner perjured himself at trial. (*Id.* (quoting *Herrera Romero*, 832 F. App'x at 871).) As a result, the Government argues, the Fifth Circuit affirmed this Court's two-level enhancement for obstruction of justice—

9

not for Petitioner merely testifying in his own defense. (*Id.*) The Government asserts that the Fifth Circuit's holding forecloses Petitioner's collateral attack. (*Id.* at 17–18.)

In addition, the Government argues that on its merits, Petitioner's *Strickland* argument fails: his counsel did challenge the sentencing enhancement, but unsuccessfully. (*Id.* at 18.) As a result, the Government claims, Petitioner cannot show deficiency. In addition, the Government points to the Court's decision to impose a below-guidelines sentence of 300 months. (*Id.*) The Government argues that this below-guidelines sentence prevents Petitioner from showing prejudice with respect to his sentencing. Therefore, as per the Government, Petitioner has failed to sufficiently argue a *Strickland* claim with respect to his sentencing enhancement.

As the Fifth Circuit noted, "[a] properly calculated sentence that is within or below the guidelines range is presumed substantively reasonable on appeal." *Herrera Romero*, 832 F. App'x at 876 (citing *United States v. Simpson*, 769 F.3d 548, 557 (5th Cir. 2015); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009)). With respect to Petitioner's argument that his counsel was ineffective for failing to object to the sentence due to Petitioner's lack of criminal history, Petitioner's attorney at sentencing specifically informed the Court that "he has no prior arrests or convictions or anything at this point." (Doc. 826 at 40.) Petitioner's recommended sentence range under the United States Sentencing Guidelines reflected this, with a criminal history category of I. (*Id.* at 38.) Likewise, Petitioner's attorney asked the Court to consider Petitioner's children in imposing the sentence. (*Id.* at 42.) While the Court agreed with the Government that Petitioner "lied repeatedly on the stand[,]" the Court still chose to show "deference to the young age of this defendant, the fact that he has no prior criminal history, [and] the fact that he . . . did not use violence in connection with these crimes that he committed" and granted "a downward variant sentence from the guideline sentence of life." (*Id.* at 48.) Petitioner has failed to show any

10

deficiency on the part of his attorney with respect to his sentencing; he has also failed to show any prejudice. Petitioner received a below-guidelines sentence, based on the Court's consideration of his lack of criminal history, the objections raised by his attorneys, and the totality of the circumstances. (*Id.* at 47–49.)

## V. CONCLUSION

Petitioner Oscar Arturo Machado-Galeana's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 835) is **DENIED.** Petitioner has failed to show either cause or prejudice to state a *Strickland* claim for ineffective assistance of counsel. *See* 466 U.S. 668 at 689–94.

Because the Court finds that Petitioner makes no substantial showing of the denial of a Constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this decision would not be taken in good faith and therefore should not be taken *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

The Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means at the address indicated in his most recent filing.

Signed in Baton Rouge, Louisiana, on January 30, 2025.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**